## AFFIDAVIT OF SPECIAL AGENT SARAH WHEELDON IN SUPPORT OF AN APPLICATION FOR A CRIMINAL COMPLAINT

I, Sarah L. Wheeldon, having been first duly sworn, do hereby depose and state as follows:

1.      I am a Special Agent ("SA") with the Federal Bureau of Investigation ("FBI"), and have been so employed since February 13, 2011.  During my career, I have conducted numerous investigations into international terrorism, white collar crime, and child pornography.  I am currently assigned to the Lowell Resident Agency out of the Boston Division of the FBI, in which I investigate white collar crimes, as well as the exploitation of children.  I have received extensive training in the area of federal criminal and constitutional law and evidence collection. I am a graduate of Rocky Mountain College, where I received my bachelors of science in psychology, and of Montana State University, where I received my master's degree in psychology. Prior to my current employment, I was a Licensed Clinical Professional Counselor.

2.      I submit this affidavit in support of a criminal complaint charging Jakob NIEVES, YOB 2000, of Lawrence, Massachusetts, with one count of sexual exploitation of children, in violation of 18 U.S.C. §§ 2251(a) and (e), and one count of distribution of child pornography, in violation of 18 U.S.C. § 2252A(a)(2).

3.      The facts in this affidavit come from my personal observations and review of records, my training and experience, and information obtained from other agents and witnesses. This affidavit is intended to show merely that there is probable cause to secure a criminal complaint and does not set forth all of my knowledge about this matter.  Where statements of others are set forth in this affidavit, they are set forth in substance and in part.

1

## STATEMENT OF PROBABLE CAUSE

4.      On August 14, 2019, an FBI Task Force Officer was acting in an undercover capacity to investigate the use of Kik[1] for the trade of child pornography.   In the course of that investigation, the undercover agent communicated with a user subsequently identified as Jakob NIEVES, who sent the undercover agent images and videos containing apparent child pornography that she[2] claimed to have produced.

5.      Agents subsequently obtained a federal search warrant for NIEVES's residence, 298A Lawrence Street, Apt. 2, Lawrence, Massachusetts for evidence, fruits, and instrumentalities of violations of 18 U.S.C. §§ 2251(a) and 2252A.  The affidavit submitted in support of that warrant is attached hereto as **Sealed Exhibit A**.

6.      Agents and local police executed the search warrant on August 14, 2019, at approximately 7:45 p.m.  NIEVES was located in the residence, in her bedroom.  After the residence was cleared for officer safety, NIEVES was allowed to change her clothing and accompanied two agents outside the residence while the search was taking place.

7.      After being advised of and executing a written waiver of her Miranda rights, NIEVES agreed to speak with agents.  The waiver and interview was recorded; the following statements are summary in nature.

8.      NIEVES acknowledged that her legal name is Jakob, but explained that she goes by "Dakota."

---

[1]   Kik Messenger, commonly called Kik, is a freeware instant messaging mobile application that uses a smartphone's (or other mobile device's) data plan or Wi-Fi to transmit and receive messages, photos, videos, and other content after users register a username. Kik is known for its features preserving users' anonymity, such as allowing users to register without providing a telephone number.

[2]   NIEVES identifies and lives as a female.

9.    NIEVES told investigators that she had always fantasized about having a relationship with a child and started looking at child pornography about a year ago.

10.   In the course of the interview, NIEVES admitted that she used Kik, Wickr,[3] and Dropbox to receive child pornography from other individuals. She acknowledged that her username for Kik and Wickr was the one identified in Sealed Exhibit A.

11.   When she was asked whether she had ever sent child pornography to other users, NIEVES initially denied having done so. When she was asked more specific details about her use of Kik, she ultimately admitted that earlier that day, she had distributed images and videos of child pornography to a specific user, who she "met" in a Kik group geared toward individuals interested in pedophilia.[4]

12.   During the course of the interview, I showed NIEVES copies of the images referenced in Paragraphs 8 and 9 of Sealed Exhibit A. She identified herself as the adult in those photographs.

13.   During the course of the interview, I also showed NIEVES sanitized copies of some of the images referenced in Sealed Exhibit A. NIEVES identified the child depicted in the images (hereinafter "Minor A"), who is currently four years old. NIEVES explained that the images were still shots from two videos that she had taken with her phone.

14.   Specifically, NIEVES admitted that:

---

[3]   Wickr a free instant messaging application that allows users to exchange end-to-end encrypted and content-expiring messages, including photos, videos, and file attachments.

[4]   The specific group names that NIEVES referenced are omitted here, where the undercover agent is still engaged in the active investigation of similar offenders.

a.      In one video, NIEVES was in her room, masturbating, when Minor A entered her room.   She motioned for the child to come over to her, and taped the child masturbating her penis.[5]

b.      In the other video, NIEVES taped the child masturbating her penis.[6]

15.     When asked how frequently that behavior occurred, NIEVES told agents the child masturbated her three or four times but she only taped it twice.

16.     In response to questioning, NIEVES also stated that she took still photographs of Minor A's genitals, and that she would sometimes photograph herself placing her penis on the child's body or "rubbing herself" on the child.

17.     In the course of the execution of the search warrant, agents located NIEVES's Apple iPhone XR in a laundry hamper in her bedroom.   NIEVES provided the password to the phone.   Forensic agents conducted a preliminary review of the phone's content, which included videos and images depicting apparent child pornography.   Examples include:

a.      The video described above in Paragraph 14a, which NIEVES sent to the undercover agent via Kik, as referenced in Paragraph 10e of Sealed Exhibit A.

b.      The video described above in Paragraph 14b, which NIEVES sent to the undercover agent via Kik, as referenced in Paragraph 10b of Sealed Exhibit A.

c.      A video depicting NIEVES with a prepubescent child's penis in her mouth.   The child's face is not visible in the recording.   When agents asked NIEVES about the video, she admitted that it was her in the video; Minor A was the child in the video; and she alone taped the video.

---

[5]   A still image from this video are available for the Court's review.

[6]   A still image from this video are available for the Court's review.

18. During the execution of the search warrant, agents observed and seized items depicted in child pornography found on the phone, including pajama pants that NIEVES can be seen wearing in the video referenced above in Paragraph 14a, and a couch pillow that can be seen in the video referenced above in Paragraph 14b.

## CONCLUSION

19. Based on all of the foregoing information, I submit that there is probable cause to believe that:

   a. on various dates between on or about January 1, 2018, and on or about May 31, 2019, NIEVES did knowingly employ, use, persuade, induce, entice, and coerce a minor, "Minor A," to engage in any sexually explicit conduct for the purpose of producing any visual depiction of such conduct and the visual depiction was produced and transmitted using materials that had been mailed, shipped, and transported in and affecting interstate and foreign commerce by any means, including by computer, and attempted to do so, in violation of 18 U.S.C. §§ 2251(a) and (e); and

b.    on or about August 14, 2019, NIEVES knowingly distributed any child

pornography that had been mailed, and using any means and facility of interstate

and foreign commerce shipped and transported in and affecting interstate and

foreign commerce by any means, including by computer, in violation of 18 U.S.C.

§ 2252A(a)(2)(A).

Sworn to under the pains and penalties of perjury,

Special Agent Sarah L. Wheeldon
Federal Bureau of Investigation

SUBSCRIBED and SWORN to before me on August 15, 2019.

HONORABLE MARIANNE B. BOWLER
UNITED STATES MAGISTRATE JUDGE

I have reviewed the images referenced in Paragraph 14 above, and I find probable cause to believe that the images depict minors engaged in sexually explicit conduct. The Affiant shall preserve said images for the duration of the pendency of this matter, including any relevant appeal process.

HONORABLE MARIANNE B. BOWLER
UNITED STATES MAGISTRATE JUDGE

6