UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>    v.                                                                         )<br>)<br>JAKOB NIEVES, a/k/a "Dakota Nieves,"  )<br>)<br>    Defendant.                                                     ) | Criminal No:   19-CR-10367-DJC |

GOVERNMENT'S SENTENCING MEMORANDUM

Defendant Jakob (aka Dakota) Nieves pled guilty to the above-docketed indictment, which charges her[1] with two counts of sexual exploitation of children, in violation of 18 U.S.C. § 2251, and one count each of distribution and possession of child pornography, in violation of 18 U.S.C. § 2252A.  For the reasons outlined below and to be articulated at the sentencing hearing, the government respectfully requests that this Court impose a sentence that includes a term of incarceration of 480 months and supervised release for five years.

### FACTS

The government relies on and incorporates the facts as set forth in the statement of offense conduct in paragraphs 7 through 14 of the Presentence Investigation Report ("PSR"), as well Probation's assessment of offender characteristics (PSR 57-84).

### DISCUSSION

**I.    Sentencing Guideline Calculation and Restitution**

Based on its computation of the defendant's total offense level as 41 and her criminal

---

[1]  Throughout the pendency of this case, the government has referred to the defendant with feminine pronouns.  *See* PSR 58.  The government continues to do so, notwithstanding the information contained at PSR 72, based on the information outlined at Exhibit A to the defendant's sentencing memorandum.

history category as I, the United States Probation Office ("Probation") has computed a Guidelines sentence in this case to include a term of incarceration from 324 months to 405 months; the Guidelines range of supervised release is five years to life.

The government agrees with Probation's calculation of the defendant's Offense Level and Criminal History Category, and thus agrees with its determination of her Guidelines Sentencing Range (GSR) as outlined above.

The government has recently submitted restitution requests to the defendant on behalf of 13 of the 176 identified victims of Count Four and anticipates that the parties may be able to come to an agreement regarding appropriate awards for those victims. Those requests, along with victim impact statements submitted on behalf of 30 of the 176 identified victims of Count Four, have been submitted under seal. This Court need not make a determination of restitution at the sentencing hearing, but must do so within 90 days of sentencing, pursuant to 18 U.S.C. § 3664(d)(5). The government therefore requests that the Court schedule a date subsequent to the sentencing hearing, by which date the parties must submit memoranda, either jointly or separately, advocating for an appropriate award for each victim who has demonstrated the right to restitution.

II.     **Application of the Section 3553(a) Factors**

The government recognizes that the defendant is young, has no record, and will certainly face difficulties in prison that are attributable to (or at least exacerbated by) her status as a transgender person.[2]  The government has taken those factors into consideration in recommending a carceral sentence of 40 years, which appropriately considers the astounding

---

[2] The undersigned AUSA has solicited (but not yet received) information from the Bureau of Prisons regarding how the defendant's case will be evaluated pursuant to the BOP Transgender Offender Manual and understands that Probation has done the same.

breadth of the defendant's exploitation of two very young children known to her, including a sustained pattern of hands-on offending against one of those children, as well as the hundreds of other children depicted in the child pornography that was discovered in her collection. Based on an evaluation of all of the § 3553(a) factors, the government does not believe that a Guidelines sentence, as calculated here, appropriately reflects the seriousness of the offense, promotes respect for the law, or provides just punishment for the offense; affords adequate deterrence to criminal conduct; or protects the public.

The government recognizes that it is difficult to quantify exactly how many months would satisfy the Court's obligation to impose a sentence that achieves these goals of sentencing. It goes without saying that a significant sentence is necessary to reflect the gravity of the defendant's crimes. Here, the defendant sexually abused at least one child entrusted to her care over a period of time, which ended only because one of the people she met online happened to be an undercover federal agent. The chats, which led to the defendant's identification and the rescue of Minors A and B, are attached hereto as Government's Sealed Exhibit A.[3] They portray a shockingly casual and callous picture of the defendant's predation: minutes after meeting a stranger on the internet, she brags about her access to Minors A and B and how she abuses them: "I play with both usually have the older one jerk me off and suck me & the little one well I do what ever I want to him lol especially when he's sleeping." Gov't Sealed Exh. A, p. 3. Not only did the defendant send proof of these claims to the undercover agent, but she sent pictures and videos that showed both *her* face and *Minor A's and Minor B's* faces. (She also identified the state she lives in, and a quick internet search of her username would bring a less-than-sophisticated user to at least one of her social media pages – which includes pictures of her face

---

[3] The 24-page document was previously provided to Probation and counsel for the defendant. Images that constitute child pornography have been redacted.

and at least one photograph that identifies the town she comes from. The lack of caution about the minors' identities evidences either a disinterest in their safety (beyond, obviously, her own violation) or a calculated risk aimed at getting valuable material in return. Either way – the defendant's cavalier revelation of identifying details is frightening.) Forensic analysis cannot tell us, in this case, whether the defendant shared similar imagery with other people in the year-plus that she capitalized on her unfettered access to the children – but common sense tells us that it is exceedingly unlikely that the undercover just happened to be the first, and experience in prosecuting, defending, and adjudicating federal child pornography cases tells us that it is almost certain that the victims here will be dealing with the consequences of the defendant's depravity for years to come.

What is also certain is that this is not a case that merits the imposition of the minimum possible sentence. In other cases involving hands-on offending by defendants charged with violations of 18 U.S.C. § 2251, the government has recommended – and courts have imposed – sentences more reflective of the seriousness of such offenses than what the defendant here proposes. *See*, *e.g.*, *United States v. Decarolis*, 19-cr-40038-TSH (defendant who produced child pornography involving five minors sentenced to 38 years); *United States v. Lee*, 18-cr-10105-IT (defendant who used messaging application to direct New Hampshire male to produce specific child pornography depicting sexual abuse of child known to that person sentenced to 20 years; defendant who sexually abused the child in producing the material sentenced to 50 years in D.N.H. in 18-cr-00004-LM); *United States v. Anthony DeOrdio*, 18-cr-30056-MGM (defendant who created child pornography depicting sexual abuse of child known to him after having been previously convicted of a child pornography offense sentenced to 50 years); *United States v. Jonathan Monson*, 18-cr-30015-MGM (defendant who created child pornography

depicting sexual abuse of child known to him sentenced to 40 years); *United States v. Toronto*, 17-cr-10307-FDS (defendant who produced child pornography depicting sexual abuse of two minor victims sentenced to 40 years); *United States v. Germaine*, 17-cr-30010-ADB (defendant who created child pornography depicting sexual abuse of child known to him when he was 25 years old sentenced to 35 years pursuant to plea agreement); *United States v. Jason Gendron*, 13-cr-30036-WGY (defendant who created child pornography depicting sexual abuse of four children in his care sentenced to 50 years pursuant to plea agreement contemplating range of 40-50 years).

An above-Guidelines sentence is entirely reasonable and warranted in this case, notwithstanding the fact that it is, objectively, quite high. The defendant thoroughly documented her rape and abuse of Minor A (PSR 14), bragged about her excitement for Minor B to get older so that she could exploit him in different ways – *i.e.*, rape him (Gov't Sealed Exh. A, p. 14), directed the undercover agent to film himself sexually abusing his (purported) daughter and son in specific ways (Gov't Sealed Exh. A, pp. 16, 19, 23), and boasted that her victims were good at keeping quiet (Gov't Sealed Exh. A, p. 20). Furthermore, she used several different platforms to obtain child sexual abuse material from other strangers – thousands of those images were found on her phone, depicting hundreds of victims. PSR 11, 14. This is an abhorrent course of conduct rooted in the predation of children too young to articulate their distress. It merits decades in prison.

The government has considered the defendant's history and characteristics, as they are outlined in the defendant's sentencing memorandum and appended Report of Records Review,

Clinical and Psychodiagnostic Assessment.[4] That consideration has led the government to recommend a lower sentence than it would have if, for example, the defendant did not suffer from gender dysphoria. *See, e.g.*, *United States v. Toronto*, 17-cr-10307-FDS (government recommended sentence of 60 years for 40-year-old defendant with no record who produced child pornography depicting sexual abuse of two minor victims for whom he was trusted adult). This is one of the worst crimes that is prosecuted in federal court. It should be treated as such.

There is no reason to believe that anything but a lengthy term in prison will deter this defendant and others from committing similar offenses in the future. Regardless of what led the defendant to capitalize on the vulnerability of the victims in this case, the harm perpetrated on those victims is the same. Similarly, the fact that the defendant comes before this Court with no prior record is not a mitigating factor in the context of these offenses. The defendant's record was taken into consideration in the calculation of her criminal history category. *See, e.g.*, *United States v. Oberg*, 877 F.3d 261 (7th Cir. 2017) (district judge properly noted that defendants in child pornography cases often have limited criminal histories).

The government recognizes that it is always difficult to quantify in months or years "how much" is "enough" to achieve the goals of sentencing. While the government's recommended sentence here is significant in length, it is not only reasonable, but also necessary in this case to promote respect for the law, to adequately punish the defendant for her criminal conduct, to deter her and others from offending in the same ways again, and for long-term protection of the public.

---

[4] The government has requested access to certain of the diagnostic tools referenced in the report. The government will address some of the factors identified in that document, and the conclusions drawn therefrom, in its oral argument at the sentencing hearing, so that it need not file this memorandum under seal.

## CONCLUSION

For all of the foregoing reasons, the government respectfully recommends that this Court impose a sentence of 480 months' imprisonment, to be followed by five years of supervised release. Such a sentence would be sufficient, but not greater than necessary, to reflect the seriousness of the offense and the goals of sentencing.

                                  Respectfully Submitted,

                                  NATHANIEL R. MENDELL
                                  Acting United States Attorney

Date: May 24, 2021        By:    /s/ Anne Paruti
                                         Anne Paruti
                                         Assistant United States Attorney
                                         United States Attorney's Office
                                         One Courthouse Way
                                         Boston, MA 02210
                                         617-748-3100

**CERTIFICATE OF SERVICE**

I, Anne Paruti, hereby certify that the foregoing was filed through the Electronic Court filing system and will be sent electronically to the registered participant as identified on the Notice of Electronic filing:


Date: May 24, 2021                                  /s/ Anne Paruti
                                                    Anne Paruti
                                                    Assistant United States Attorney